UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: QTC Commercial Services, LLC, d/b/a IMX Medical Management Services, LLP Data Breach Litigation<br><br>This Document Relates To:<br><br>All Actions | File No.:   2:23-cv-03214<br>             2:23-cv-03598 |

## PRELIMINARY APPROVAL ORDER

This matter is before the Court for consideration of whether the settlement agreement executed by the parties on March 18, 2025 (the "Settlement Agreement," memorializing the "Settlement") should be preliminarily approved, the proposed settlement class (the "Settlement Class") preliminarily certified, and the proposed plan for notifying the Settlement Class approved. Having reviewed the proposed Settlement Agreement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement Agreement satisfies the criteria for preliminary approval, the proposed Settlement Class should be preliminarily certified, and the proposed notice plan approved.[1] Accordingly, good cause appearing in the record, **IT IS HEREBY ORDERED THAT**:

### Provisional Certification of the Settlement Class

(1)   The Court provisionally certifies the following Settlement Class:

All natural persons residing in the United States who were provided notice that their personal information was involved in the Data Incident. The Settlement Class specifically excludes: (i) QTC Commercial Services, LLC, d/b/a IMX Medical Management Services ("QTC") and its respective officers and directors; (ii) all members of the Settlement Class who timely and validly submit a Request for Exclusion; (iii) the Judge assigned to evaluate the fairness of this Settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement Agreement.

criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

This Settlement Class is provisionally certified for purposes of settlement only.

(2) The Court determines that, for settlement purposes, the proposed Settlement Class meets all the requirements of Fed. R. Civ. P. 23, namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

(3) Diva D. Ross and Trevis Bravener are designated and appointed as the Settlement Class Representatives.

(4) William Federman of Federman & Sherwood and David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC, who were previously appointed by the Court as Interim Lead Counsel, are designated as Lead Class Counsel. The Court finds that Mr. Federman and Mr. Lietz are experienced and will adequately protect the interests of the Settlement Class.

### Preliminary Approval of the Proposed Settlement

(5) Upon preliminary review, the Court finds the proposed Settlement Agreement and Settlement are fair, reasonable, and adequate, otherwise meet the criteria for approval, and warrant issuance of notice to the Settlement Class. Accordingly, the proposed Settlement Agreement and Settlement are preliminarily approved.

**Final Approval Hearing**

(6)     A Final Approval Hearing shall take place by the Court on **September 5, 2025, at 10:30 a.m.** to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Fed. R. Civ. P. 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement Agreement's terms, all claims in the Complaint and action should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement; (d) the proposed Final Approval Order and Judgment should be entered; (e) the application of Class Counsel for an award of attorney's fees, costs, and expenses should be approved; and (f) the application for Service Awards should be approved.  Any other matters the Court deems necessary and appropriate will also be addressed at the hearing.

(7)     Lead Class Counsel shall submit their application for fees, costs, and expenses and the application for Service Awards no later than 14 days before the Objection Deadline.

(8)     Any Settlement Class Member that has not timely and properly excluded themself from the Settlement in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member that has elected to exclude themself from the Settlement shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the

Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

## Administration

(9)     Simpluris is appointed as the Settlement Administrator, with responsibility for reviewing, determining the validity of, and processing all claims submitted by any Settlement Class Member, and all other obligations of the Settlement Administrator as set forth in the Settlement. All Costs of Settlement Administration incurred by the Settlement Administrator will be paid by Defendant as provided in the Settlement Agreement. Lead Class Counsel and counsel for Defendant may, upon mutual agreement, identify and select a different Settlement Administrator, if they deem it necessary to do so.

## Notice to the Class

(10)     The Short Notice, Long Notice, and Claim Form attached to the Settlement Agreement as Exhibits A through C, satisfy the requirements of Fed. R. Civ. P. 23 and due process and thus are approved. Non-material modifications to these exhibits may be made without further order of the Court and with the agreement of Lead Class Counsel and counsel for Defendant. The Settlement Administrator is directed to carry out the notice plan and to perform all other tasks that the Settlement Agreement requires of the Settlement Administrator.

(11)     The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Settlement Agreement, Short Notice, Long Notice, and Claim Form:   (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive

notice; and (d) satisfy the requirements of Fed. R. Civ. P. 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

### Exclusions from the Class

(12)    Any individual that wishes to be excluded from the Settlement must mail a written notification of such intent by United States mail to the designated address established by the Settlement Administrator, postmarked no later than 60 days after the Notice Commencement Date (the "Opt-Out Date"). The written notification must clearly manifest an intent to be excluded ("opt-out") of the Settlement and Settlement Agreement. Any individual who does not submit a valid and timely request for exclusion in the manner described herein shall be bound by the Settlement, including all releases and covenants therein, as well as all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

(13)    All individuals who submit valid and timely requests for exclusion from the Settlement shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement.

(14)    The Settlement Administrator shall provide the parties with copies of all requests for exclusion promptly upon receipt and a final list of all persons that have timely and validly excluded themselves from the Settlement Class in accordance with the terms of the Settlement Agreement and herein. Prior to the Final Approval Hearing, the Settlement Administrator shall also prepare and execute a declaration identifying each individual who timely and validly requested exclusion from the Settlement.

**Objections to the Settlement**

(15)   A Settlement Class Member that complies with the requirements of this Order may object to the Settlement.

(16)   No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless a written objection is submitted to the Court on or before the Objection Date, which shall be 60 days after the Notice Commencement Date.  For the objection to be considered by the Court, the written objection must include:

(i)   the objector's full name and address;
(ii)  the case name and docket number—*In re: QTC Commercial Services, LLC d/b/a IMX Medical Management Services, LLP Data Breach Litigation*, Master File No. 2:23-cv-03214 (E.D. Pa.);
(iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection that the objector believes applicable and any supporting documents;
(iv)  the identity of any and all counsel representing the objector in connection with the objection;
(v)   a statement of whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and
(vi)  the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

(18)   A written notice of objection must be mailed to the Settlement Administrator. Objections may also be electronically filed in the action's electronic docket on or before the Objection Deadline with service on Lead Class Counsel, William B. Federman, Federman & Sherwood, 10205 N. Pennsylvania Ave., Oklahoma City, OK 73120, David K. Lietz, Milberg Coleman Bryson Phillips Grossman PLLC, 5335 Wisconsin Avenue NW, Suite 440, Washington, DC 20015, and QTC's Counsel, Matthew D. Brown, Kristine A. Forderer, and Max A. Bernstein, Cooley LLP, 3 Embarcadero Center, 20th Floor, San Francisco, CA 94111-4004.

(19) Any Settlement Class Member who fails to object to the Settlement in the manner described herein shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Agreement by appeal or any other means.

### Claims Process and Distribution Plan

(20) The Settlement Agreement establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form.  The Court preliminarily approves this process.

(21) Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Settlement Agreement, including the Claim Form.  If the Settlement is finally approved, all Settlement Class Members that qualify for any benefit under the Settlement, but who fail to submit a claim in accordance with the requirements and procedures specified in the Settlement Agreement, including submitting the Claim Form, shall be forever barred from receiving any such benefit.  Such Class Members, however, will in all other respects be subject to and bound by the provisions of the Settlement Agreement and the Settlement, including the releases included in the Settlement Agreement, and the Final Approval Order and Judgment.

### Termination of the Settlement and Use of this Order

(22) This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is

terminated in accordance with the terms of the Settlement Agreement. In such event, the Settlement Agreement and Settlement shall become null and void and be of no further force and effect, and neither the Settlement Agreement (including attachments or exhibits and any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

(23)   If the Settlement is not finally approved or there is no Effective Date under the terms of the Settlement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against QTC of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, or unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims it/he/she may have in this action or in any other lawsuit or proceeding.

## Stay of Proceedings

(24)   Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

## Continuance of Final Approval Hearing

(25)   The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

### Actions By Settlement Class Members

(26)    The Court stays and enjoins, pending Final Approval of the Settlement, any actions, lawsuits, or other proceedings brought by Settlement Class Members against QTC related to the Data Incident.

### Jurisdiction

(27)    The Court finds it has personal and subject-matter jurisdiction over this matter, the Parties, and all Settlement Class Members.

### Summary of Deadlines

(28)    The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing.  Deadlines arising under the Settlement and this Order include, but are not limited to, the following:

| ACTION | DEADLINE |
| --- | --- |
| Notice Commencement Date | 37 days after entry of this Preliminary Approval Order |
| Motion for Attorneys' Fees and Expenses and Service Awards | At least 14 days before the Objection Deadline |
| Claims Deadline | 90 days after Notice Commencement Date (i.e., 127 days after entry of this Preliminary Approval Order) |
| Opt-Out/ Exclusion Deadline | 60 days after Notice Commencement Date (i.e., 97 days after entry of this Preliminary Approval Order) |
| Objection Deadline | 60 days after Notice Commencement Date (i.e., 97 days after entry of this Preliminary Approval Order) |

| Final Approval Brief and Response to Objections Due | At least 14 days prior to Final Approval Hearing |
|---|---|
| Final Approval Hearing | **September 5, 2025** at 10:30 a.m. |

IT IS SO ORDERED this 17th day of April 2025.

                                               /s/ Joel H. Slomsky
                                              Joel H. Slomsky, J.